## ANDERSON v. MAMMOTH MINING CO.

No. 1855.   Decided December 9, 1907 (93 Pac. 190).

MASTER AND SERVANT — PERSONAL INJURIES — UNSAFE PLACE FOR WORK — INSTRUCTIONS.   In an action by an employee for injuries, plaintiff testified that while oiling machinery in defendant's mill he stepped on an unfastened plank in a platform provided for oiling the machinery and was injured. The evidence warranted a finding that the plank was not fastened when laid, or that defendant by ordinary care could have discovered its unfastened condition prior to the accident, and should have fastened it. *Held,* that the court properly instructed that, if plaintiff's testimony was believed, the plank was a place furnished by defendant for plaintiff to work on; that it was defendant's duty to use ordinary care to make it reasonably safe; and that it was not reasonably safe, and by ordinary care it could have been made so, and plaintiff, while using ordinary care for his own safety while at work, was injured by reason thereof, the jury should find for plaintiff.

APPEAL from District Court, Fifth District; Joshua Greenwood, Judge.

Action by Peter Anderson against the Mammoth Mining Company.   Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Edwards, Smith & Price* for appellant.

*Powers & Marioneaux* for respondent.

STRAUP, J.

This is an action for personal injury, alleged to have been suffered by plaintiff through the negligence of the defendant. The defendant was engaged in the business of mining and milling.   It maintained a number of vanners at its mill, which were operated by shafts, belts, and pulleys about twenty feet above the floor upon which the vanners stood.   The plaintiff was in the defendant's employ.   His duties were attending the vanners and oiling the shafts and other machinery.   It was alleged that it was the duty of the defendant to

provide and maintain a platform or walk to enable the plaintiff to move along the shafts and about the machinery in the performance of his duties; that the defendant's duty was not performed, in that it negligently suffered a plank of the walk to be and remain unfastened; and that the plaintiff, in the discharge of his duties, stepped on the unfastened plank and was precipitated to the floor below, a distance of about twenty feet. That there was a platform or walk provided by the defendant, and for the purposes alleged, is not disputed. Such walk consisted of two boards or plank laid side by side and fastened to the timbers or the framework of the building, and so extended along the shafts and other machinery above the floor. On behalf of plaintiff there is evidence tending to show that at the time of his injury one of the boards of the walk was, and for three or four days prior thereto had been, loose. Plaintiff's testimony also shows that in moving about from place to place oiling the shafts and other machinery he stepped on the loose board and was thrown to the floor of the building, and that prior thereto he was without knowledge of the loose condition of the board. On behalf of the defendant there is evidence tending to show that the plaintiff, at the time of his injury, was not making use of the walk, but was attempting to move about from place to place on the timbers, the framework of the building, and in doing so, slipped and came in contact with the belts. Among other things the court charged the jury: "(5) You are instructed that if the plaintiff had the choice of two or more ways of performing his duties, the one safe and the other dangerous, it was his duty both to himself and to his employer to select the safer way to perform his duty; and if, in selecting the safer way of doing his work, he proceeded in the manner attendant with greater risk, and as a result received the injury complained of in this action, and if he knew or ought to have known of the safer way to perform his duties, you will find for the defendant." "(7) You are instructed that the plank testified to by plaintiff, upon which he claims he was required to

33 Utah—10

walk in order to do his oiling was, if his statement was believed by the jury, a place furnished by the defendant company upon which plaintiff was to do his work, and it was the duty of the defendant to use ordinary care to make it reasonably safe for the plaintiff to walk thereon in the manner that he was required to walk. If you believe from the evidence that it was not reasonably safe for that purpose, and that by ordinary care it could have been made reasonably safe and that the accident happened because the plank was not made secure by nailing or otherwise, while plaintiff was properly walking thereon, in and about his work, and that the plaintiff was injured while using ordinary care for his own safety, then your verdict should be for the plaintiff in such damages as under the instructions given in the case you believe would compensate him for the injury sustained." Plaintiff had judgment. The defendant appeals.

It is urged by defendant that the court erred in giving instruction No. 7. The only reason given in support of the alleged error is that the evidence without conflict shows that "the board from which the plaintiff fell was not a place furnished by the defendant upon which plaintiff was to do his work;" that is to say, it is claimed the loose plank was not in the pathway, and was no part of the walk, and when the plaintiff stepped on the plank he was entirely outside of and away from the walk provided by the defendant. And the further contention is made that the defendant was not responsible for the unfastened condition of the plank. We must hold against the defendant on these contentions. If the testimony of the plaintiff is to be believed, the loose plank was in the pathway and a part of the walk provided and maintained by the defendant for the purpose of which the plaintiff was using it. The evidence is also sufficient to warrant a finding that the plank was not fastened when laid, or that the defendant in the exercise of ordinary care could have discovered the unfastened condition prior to the accident and ought to have fastened it. The instruction was therefore ap-

plicable to plaintiff's theory of the case. No error was committed in giving it.

It is further urged that the jury disregarded instruction No. 5. It is claimed the evidence, without conflict, shows that the defendant had provided a reasonably safe walk or platform, but instead of using it, the plaintiff chose a dangerous way of passing from place to place by moving along the timbers of the building. This is but presenting the same question in another form. If the plaintiff did what is assumed by the defendant, the verdict is not only contrary to the charge, but also to the evidence. If, however, the testimony of the plaintiff and his witness is true, he was using the walk; the loose plank was a part of it, and rendered the walk not reasonably safe; and plaintiff's injury resulted by reason of such condition, while he was in the performance of his duties. The claim made, upon which it is assumed there is no conflict; is not sustained by the record.

The judgment of the court below is therefore affirmed with costs.

McCARTY, C. J., and FRICK, J., concur.